1:19-cv-858

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JON UIL-JE DOE,** § | | |
| *Plaintiff*, § | | |
| v. § | C.A. No. _____ | |
| **UNIVERSITY INTERSCHOLASTIC** § | | |
| **LEAGUE,** § | | |
| *Defendant.* § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff **JON UIL-JE DOE,** to file this, his "Plaintiff's Original Complaint" and in support thereof states as follows:

### PREAMBLE

*Plaintiff Jon is a bright, hard working student repeating his senior year of high school at a local area high school. Defendant UIL has illegally denied Jon his right to play sports his senior year because Jon has various disabilities, unrelated to any physical disability which might impair Jon's ability to participate in such sports. This lawsuit is for damages and equitable relief resulting from Defendant UIL's violations of Plaintiff Jon's federal created rights against discrimination of disabled students.*

### A.   NATURE OF SUIT

1.   Plaintiff Jon files this action for relief seeking damages for the violation of federal law pursuant to Section 504 of the Rehabilitation,

Comprehensive Services, and Developmental Disabilities Act of 1978, 29 U.S.C. § 794.

## B.   PARTIES

2.   Plaintiff **JON UIL-JE DOE** ("Jon") is an individual residing in Williamson County, Texas. Jon is a minor, and this matter is being asserted by his father as his *Next Friend*. Because of the privacy issues involved in this matter, Jon is hereby exercising his rights to proceed with this matter anonymously.

3.   The need to protect the identity of Jon (being a minor) shall not hinder the defense of this matter, for the facts are well known to the Defendant UIL. When applying the balancing tests to determine the needed protection of the minor *vs.* the small inconvenience to the Defendant, the protection of the minor prevails. Further, with the importance of keeping the identity of Jon protected, it is impossible (at this time) to disclose the name of Jon's father.

4.   At such time as the Court might agree on procedures designed to protect the privacy of Plaintiff Jon, Jon's identity (and the identity of Jon's father) shall be disclosed.

5.   Defendant **UNIVERSITY INTERSCHOLASTIC LEAGUE** ("UIL") is a part of, and operated by, the University of Texas and operates throughout the State of Texas, including within Williamson County, Texas.

2

Defendant UIL may be served with summons by serving the president of the University of Texas as follows:

> **The University of Texas at Austin**
> **Attn: Gregory L. Fenves**
> **110 Inner Campus Drive**
> **Stop G3400**
> **Austin, Texas 78712**

### C.   JURISDICTION and VENUE

6.   The jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under Section 504 of the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978, 29 U.S.C. § 794 ("Section 504").

7.   Venue is proper in the Western District of Texas (Austin Division) because Defendant UIL operates within Williamson County, Texas, which is within the Western District of Texas in the Federal District Courts, and, the underlying events occurred in Williamson County, Texas within the Western District of Texas.

### D.   FACTUAL ALLEGATIONS

*Who is Plaintiff Jon?*

8.   Plaintiff Jon is a bright, hard working young man attending a high school located in Williamson County, Texas ("High School").

9. Plaintiff Jon is repeating his senior year of education at his High School, because of difficulties Jon confronted last school year.

10. On August 19, 2019, Plaintiff Jon's High School qualified Jon as a student entitled to receive special education services because of certain disabilities Jon was recently diagnosed as having ("Educational Disabilities").

11. Because of Plaintiff Jon's Educational Disabilities, Jon's High School is allowing Jon to repeat certain coursework during the 2019-2020 school year, resulting in Jon repeating his senior year.

12. Having certain athletic skills that are not impaired by Plaintiff Jon's Educational Disabilities, Jon was practicing with, and intending to play football, and perhaps other sports, for Jon's High School this current school year.

13. However, Plaintiff Jon's participation in all athletic programs for the 2019-2020 school year were recently stripped from Jon by Defendant UIL, not in spite of, but because of Jon's Educational Disabilities.

14. On August 26, 2019, Defendant UIL prohibited Plaintiff Jon from participating in any of Jon's High School athletic programs because Defendant UIL determined that Jon's repetition of Jon's senior year during the 2019-2020 year was a contrived and made up excuse and effort to simply participate in a fifth year of high school athletics ("Prohibition").

15. Defendant UIL issued the Prohibition because *(according to Defendant UIL)* allowing Plaintiff Jon to participate in his High School athletics for the 2019-2020 year would result in Jon improperly participating in a fifth year of athletics ("Sham Excuse").

16. However, even a blind person could see through Defendant UIL's Sham Excuse, because Jon has only played three years of athletics, not four.

17. During Plaintiff Jon's 9th grade year of eligibility, Jon attended an out of state school that did not even offer school athletic programs. Thus, any alleged impropriety of Jon paying a fifth year of sports is ludicrous.

18. During Defendant UIL's hearing to determine whether Plaintiff Jon could participate in his High School athletics programs, Jon offered evidence of Jon's Educational Disabilities explaining that Jon's repetition of Jon's Senior year (which would only be Jon's fourth year of athletics) was a direct result of Jon's Educational Disabilities. Such evidence even included a written directive from Jon's attending physician's that Jon should participate in athletics this 2019-2020 year as an accommodation that would benefit Jon's effort to conquer his Educational Disabilities.

19. Notwithstanding the evidence and arguments presented to Defendant UIL, UIL issued its Prohibition, which under the circumstances, is not only in spite of Jon's Educational Disabilities, but because of same.

20. Defendant UIL's Prohibition as to Plaintiff Jon was committed intentionally and in bad faith, or with reckless disregard for the outcome.

### *Harm suffered by Plaintiff Jon*

21. Plaintiff Jon has suffered physical, emotional, and economic harm as a result of Defendant UIL's Prohibition, and, shall suffer future physical, emotional, and economic harm, including actual and consequential damages.

### *Futility of Alternative Remedies*

22. Although Defendant UIL does have a further appeal step (on paper) whereby the Prohibition could be challenged, such efforts would be futile, as a decision would not be achievable in time for Plaintiff Jon to participate in the current football season.

23. As a result, any asserted obligations to be made that Plaintiff Jon must pursue any further such remedies prior to the institution of this matter are inapplicable and would be, as well, futile and moot.

24. As a result of Defendant UIL's Prohibition as to Plaintiff Jon, Jon was forced to engage an attorney and pursue this action to redress such wrongs.

25. All conditions precedent to Plaintiff Jon bringing these claims have been met.

### E. PLAINTIFF'S CAUSES OF ACTION

26. Plaintiff Jon incorporates by reference the facts set forth in the foregoing ARTICLE D: GENERAL BACKGROUND hereof.

### COUNT ONE: SECTION 504 VIOLATIONS

27. As part of a university owned and operated by the State of Texas that receives grants and other funding from the United States, Defendant UIL falls under the jurisdiction and requirements of Section 504.

28. As mandated by Section 504, Defendant UIL is prohibited from discriminating against students having been diagnosed with various disabilities.

29. Plaintiff Jon's Educational Disabilities qualify as disabilities covered by Section 504, and Defendant UIL's Prohibition against Jon is a direct violation of Section 504.

30. Defendant UIL's Prohibition against Jon in violation of Section 504 has caused Plaintiff Jon to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jon now sues in accord with Section 504.

31.     Plaintiff Jon also seeks the equitable relief of this Court ordering that the Prohibition be removed.

### F. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JON UIL-JE DOE prays that Defendant UIL be served with summons hereof, that upon final trial hereof, that judgment be entered in favor of Plaintiff Jon for the actual, consequential, and exemplary damages set forth herein; that Plaintiff Jon be reimbursed his reasonable and necessary attorneys' fees required to bring this matter; that all costs of Court be taxed against Defendant UIL; and that Plaintiff Jon have such further and other relief, general and special, both at law or in equity, to which Jon may show himseld to be justly entitled.

Respectfully submitted,

GORMAN LAW FIRM, pllc

By: *(signature)*

Terry P Gorman, Esq.
Texas Bar No. 08218200
tgorman@school-law.co
Chigozie F. Odediran, Esq.
Texas Bar No. 24098196
codediran@school-law.co
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: (512) 980-4556 (direct)
Telecopier: (512) 597-1455
**COUNSEL FOR PLAINTIFF
JON UIL-JE DOE**